the respondent ten dollars costs of this motion, and procures case to be printed and filed in this court by the 15th day of April, 1915, in which case the motion is denied, without costs.

In the Matter of the Assignment of Julius Bien Company to Sheldon Franklin, as Assignee, etc.— Order settled.

The People of the State of New York ex rel. Claude B. Mayham, Respondent, v. The Board of Supervisors of the County of Schoharie as the County Board of Canvassers of the County of Schoharie, Defendant. Clyde H. Proper, Appearing Specially as Intervenor, Appellant.— Order affirmed, without costs. All concurred, except Howard, J., dissenting.

The People of the State of New York ex rel. Claude B. Mayham, Respondent, v. The Board of Supervisors of the County of Schoharie as the County Board of Canvassers of the County of Schoharie, Defendant, and Clyde H. Proper, Appearing Specially as Intervenor, Appellant.— Order affirmed, without costs. All concurred, except Howard, J., dissenting.

James Roy Company, Respondent, v. Roy Woolen Company, Appellant. — Order affirmed, without costs. All concurred.

Mary Smith, Respondent, v. Richard E. Burger, Appellant.— Motion denied.

Gardiner Stewart, Respondent, v. Eclipse Bicycle Company and Others, Appellants, Impleaded with Others.— Motion for leave to appeal to the Court of Appeals denied on the ground that it is urged that by the judgment the receiver takes title to some assets that were not transferred from the Eclipse Bicycle Company to the Eclipse Manufacturing Company. It does not appear what those assets were or that they had any value over the incumbrances then upon them. The question, therefore, does not seem to be important.

---

FOURTH DEPARTMENT, MARCH, 1915.

ATLANTA MACHINE WORKS, Appellant, v. EDWARD G. FELTHOUSEN, Respondent.

Appeal by the plaintiff from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Erie on the 23d day of March, 1914, upon the verdict of a jury directed by the court for the sum of $2,783.46 damages and costs, and that the defendant have judgment against the plaintiff upon the issues; also from an order entered in said clerk's office on the 13th day of March, 1914, denying plaintiff's motion for a new trial.

PER CURIAM: The plaintiff seeks to recover damages for the defendant's failure to make and furnish steel castings of a certain kind and tensile strength, plaintiff contending that such as were furnished were not up to the requirements of the contract, and returned them. The defendant contends to the contrary, and seeks to recover the contract price. A verdict was directed for the defendant for the full amount claimed and inter-